IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | No. 04 C 8287 |
| v. | ) ) | |
| THE VILLAGE OF FRANKLIN PARK | ) ) ) | HONORABLE DAVID H. COAR |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Declaratory defendant, the Village of Franklin Park ("the Village"), now appears before this Court on a Motion to Alter or Amend the Judgment Entered on March 31, 2006. Specifically, the Village argues that newly-discovered evidence eliminates the basis for this Court's decision granting summary judgment to declaratory plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul"). The "newly-discovered evidence" consists of an order entered by the Circuit Court of Cook County in the underlying litigation. This February 21, 2006 order granted summary judgment to the Village on the underlying plaintiffs' "claims for an accounting of and for additional Personal Property Replacement Taxes." (Def.'s Mtn. To Alter/Amend, Ex. A at ¶ 3.) According to the Village, the order resolved the underlying litigation and entered judgment in the Village's favor on the underlying complaint. St. Paul does not dispute this characterization. Based on the Circuit Court's action, the Village now comes before this Court and seeks to have this Court reverse its previous memorandum opinion and order granting

summary judgment to St. Paul and denying it to the Village. The Village's arguments lack merit. Essentially, the Village argues that the Circuit Court's order constitutes "newly-discovered evidence," of the kind that might support altering or amending a federal court judgment, for two reasons: first, the Circuit Court entered the order *after* the parties had finished briefing their motions for summary judgment in federal court,[1] and second, the declaratory-defendant did not know that this Court would place any weight on the timing of the declaratory judgment action in determining whether St. Paul was estopped from denying coverage to the Village. Both arguments are so absurd that it suffices to repeat them and let them speak for themselves.

The Village argues that the timing of the Circuit Court's order makes it "newly-discovered" evidence. This Court set a briefing schedule on the parties' motions for summary judgment in June 2005; briefing concluded in early August 2005. The motions for summary judgment remained pending before this Court until March 31, 2006, when this Court granted summary judgment to St. Paul and denied summary judgment to the Village. During that time period, the Circuit Court ruled on the Village's summary judgment motion in the underlying state court litigation. According to the Village, that order resolved the issues in the underlying litigation. The Village was aware of the Circuit Court's decision; it has gone so far as to provide a transcript of a January 30, 2006 hearing before the Circuit Court in which that court issued its oral ruling. The Village's attorneys in the underlying litigation were present and actively participated in that hearing. (Def.'s Mtn. To Alter/Amend, Ex. A.) St. Paul, however, was not present because it was not a party to the underlying litigation and because it had declined to

---

[1] The motion for summary judgment was still *pending* when the Circuit Court entered its order. *See* Fed.R.Civ. P. 59(e).

defend its insured, the Village of Franklin Park. The fact that the Circuit Court had granted the Village's motion for summary judgment was known to the Village while the motions for summary judgment were still pending before this Court. Indeed, the Circuit Court entered its written order over one month before this Court issued its opinion and order. Thus, the Village knew or should have known of the Circuit Court's order well before this Court decided the summary judgment motions. The Village has offered no support for its characterization of the Circuit Court order as "newly-discovered evidence." Indeed, this Court can think of no argument that could support such a characterization.

The Village's explanation for why it did not bother to file a motion to supplement the record or otherwise bring the Circuit Court order to the attention of this Court merits no comment. The Village stated that it did not know the analysis this Court would employ in its opinion and order until the order was issued. According to the Village, the case law provides multiple standards for determining whether an insurer brought a declaratory judgment action in a reasonable time. It seems the Village therefore could not anticipate which standard this Court might follow until this Court issued its ruling. But that is the nature of litigation. The Village, as a party with a vested interest in the outcome of the summary judgment motions, had a great incentive to bring the Circuit Court's order to this Court's attention *before* this Court ruled. Indeed, the Federal Rules of Civil Procedure contemplate such circumstances and provide a mechanism for notifying a court of supplemental evidence or developments. *See* Fed.R.Civ.P. 15(d). The Village has provided absolutely no explanation for its failure to supplement the record or otherwise inform this Court of the Circuit Court's order during the five weeks that the

summary judgment motions remained pending before this Court. It would be inequitable to reward their inaction and delay at this post-judgment stage.

In denying the Village's motion for summary judgment, this Court did not rely, as the Village claims it did, on an "intentional acts" exclusionary clause in the St. Paul insurance policy. Instead, this Court found that it was clear from the face of the complaint that the underlying plaintiffs' claims alleged acts that fell outside the policy's definition of a covered "wrongful act." By contrast, the allegations reached conduct that was potentially covered by the policy's "administrative" acts provision. (Mem. Op. at 9-10.) As this Court wrote in its summary judgment opinion, "[t]he Village's repeated failure to fulfill formal commitments to transfer funds owed to the Fund does not fall within 'negligent act, error or omission, 'as the Policies define a wrongful act," and thus, are not covered. (Mem. Op. at 15.) The Village provides no argument to overcome this determination and this Court declines to alter or amend the judgment.

## Conclusion

For the foregoing reasons, the Village's motion to alter or amend the judgment is denied.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **June 13, 2006**